# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

|  |  |
|---|---|
| ARMANDO AGUAYO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 08-00324 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

　　This matter is before the Court for review of the Decision by the Commissioner of Social Security denying (a) plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and (b) plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed

and remanded.

On August 12, 2005, plaintiff Armando Aguayo filed an application for a period of disability or Disability Insurance Benefits, as well as an application for Supplemental Security Income. Both applications alleged an inability to work since January 1, 1980 due to hepatitis C, a thyroid condition, a back condition, arthritis, a learning disability, fatigue, and pain to the hands. (See Administrative Record ["AR"] 9, 35, 42). On October 10, 2007, subsequent to a hearing, an Administrative Law Judge ("ALJ"), who found that plaintiff had severe impairments (degenerative disease of the lumbar spine and hepatitis C) and non-severe impairments (hypothyroidism, hyperlipidemia, depressive disorder) (AR 11-12), determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 9-17).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 2-4), plaintiff filed an action in this Court.

Plaintiff makes six challenges to the ALJ's 2007 Decision denying benefits. Plaintiff alleges that the ALJ erred in (1) failing to properly consider plaintiff's treating physician's opinion regarding plaintiff's pain and arthritis; (2) failing to properly consider plaintiff's testimony; (3) failing to properly consider plaintiff's case manager's lay witness testimony; (4) failing to properly consider Janice McKinney's lay witness testimony; (5) failing to fully and fairly develop the record regarding plaintiff's chronic pain and arthritis; and (6) failing to pose a complete hypothetical question to the vocational expert.

For the reasons discussed below, the Court finds that plaintiff's third and fourth claims of error have merit. Since the matter is remanded based on plaintiff's third and fourth claims of error, the Court will not address plaintiff's first, second, fifth and sixth claims of error.

**ISSUE NOS. 3 AND 4:**

Plaintiff asserts that the ALJ failed to state reasons for disregarding the lay witness testimony of plaintiff's case manager, Gilberto Ortiz, and plaintiff's friend, Janice McKinney. In response, respondent argues that the ALJ's failure to address their testimony was harmless error because such evidence was cumulative and was inconsistent with a total inability to work.

In a Function Report, Adult Third Party, dated July 8, 2003, Gilberto Ortiz, identified as plaintiff's case manager, indicated that since May 2003 he had seen plaintiff three or more times per week, for one to two hour sessions. Mr. Ortiz indicated that plaintiff's pain in the lower back, right elbow and left leg, and plaintiff's thyroid and breathing problems, affected plaintiff's ability to sleep. Mr. Ortiz indicated that plaintiff's impairment affected his ability to lift, squat bend, stand, reach, walk, sit, kneel, hear, see, memory, stair-climb, concentrate, understand and follow instructions. Mr. Ortiz specified that plaintiff could not lift more than twenty pounds, could not walk more than one-quarter of a mile, could not see or read, had some hearing loss, could not remember more than two instructions, could not squat, bend, kneel, climb or reach, and could not sit more than two hours. Mr. Ortiz indicated that he had referred plaintiff to "state rehab because [he] had many disabling conditions that seem to prevent him from working." (See AR 195-203).

In a Function Report, Adult Third Party, dated January 31, 2005, Janice McKinney, identified as plaintiff's friend, indicated she had known plaintiff for twenty-one years and had occasionally conversed with plaintiff on weekends. Ms. McKinney indicated that depression affected plaintiff's ability to sleep. Ms. McKinney indicated that constant pain due to arthritis and shortness of breath affected plaintiff's ability to lift, bend, stand, walk, sit, kneel, hear, see, stair-climb, use hands and concentrate. (See AR 116-24).

As defendant acknowledges, the ALJ did not address the statements prepared by Mr. Ortiz and Ms. McKinney. After finding that plaintiff's testimony and plaintiff's

3

nephew's statement about plaintiff's functional limitations (plaintiff's nephew had prepared a Function Report, Adult - Third Party, dated March 10, 2004, see AR 154-62) were not supported by the medical evidence, and after finding credible the testimony of the medical expert and the evaluations of the consultative medical doctors concerning plaintiff's functional limitations, the ALJ determined that plaintiff had the following residual functional capacity: to lift/carry 20 pounds occasionally and 10 pounds frequently; to sit 8 hours in an 8-hour workday; to stand/walk 6 hours in an 8-hour workday, if permitted to change positions 1-2 minutes each hour; and to occasionally climb, balance, stoop, kneel, crouch or crawl.  (See AR 12-15).

"[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987); see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) ("[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence[.]");   Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988) ("[T]he testimony of those who lived with or saw [the claimant] on a daily basis should have been weighed in the assessment of the frequency and disabling effects of his seizure episodes.").  If the ALJ rejects the testimony of lay witnesses, the ALJ must give "reasons germane to each witness whose testimony he rejects. "  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).  "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  Stout v. Commissioner, 445 F.3d 1050, 1056 (9th Cir. 2006).

In the instant case, the ALJ failed to provide reasons for disregarding the testimony of lay witnesses Mr. Ortiz and Ms. McKinney.[1]  Both Mr. Ortiz and Ms. McKinney provided relevant information concerning the disabling effects of plaintiff's impairments on his ability to work.  Contrary to defendant's assertions, it is not clear that Mr. Ortiz's testimony about plaintiff's limitations was solely based on information provided by plaintiff.  Although Mr. Ortiz and Ms. McKinney did not state that plaintiff was totally unable to work, their testimony supported, at least in part, plaintiff's testimony, plaintiff's nephew's statement, and the functional capacity assessment of the State Agency reviewing physician (see AR 310-17) regarding plaintiff's functional limitations.

Fully crediting the testimony of Mr. Ortiz and Ms. McKinney, the Court is unable to confidently conclude that no reasonable ALJ could have reached a different disability determination.  Therefore, the ALJ's failure to provide reasons for disregarding their testimony was not harmless error.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: June 2, 2009

/ s /

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although it is unclear to the Court whether Mr. Ortiz really was a lay witness, defendant does not argue that he is not a lay witness.